ELZEOR J. SAILLANT *vs.* PETER DENSEREAU.

PROVIDENCE—JUNE 16, 1902.

PRESENT : Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Partnership. Dissolution. Pleading and Practice. Account.*

Plaintiff and defendant were copartners, and by mutual consent dissolved the firm and sold the stock and good will of the business, but not the book accounts. The debts of the firm were paid, but there were debts due the firm which were afterwards collected and not accounted for :—

*Held*, that, as these collections must affect the balance due between the partners, an action of assumpsit was not the proper means to recover an alleged balance due one partner upon the dissolution.

ASSUMPSIT. Heard on petition of defendant for new trial, and petition granted.

PER CURIAM. The parties in this case were copartners in the business of undertakers, and by mutual consent dissolved the firm and sold the stock and good will of the business to one Joseph Ray, but they did not include the book accounts due the firm, and he did not assume its debts.

The defendant had originally furnished the capital by contributing $500 in cash and giving his promissory notes—one for $75, which was paid in a few days, and one for $2,100, which was secured by mortgage and was reduced by payments from partnership funds during the continuance of the partnership to $1,800. The purchaser assumed the mortgage and

paid the defendant $1,000 in cash, and gave his note to the defendant for $500.    Both parties executed a bill of sale to Ray.

A partial division of the purchase money was had, by which the defendant received $500, which he had originally contributed, and $171.19, which represented the amount the plaintiff had drawn from the firm more than the defendant had drawn ; and the rest of the money was equally divided, and the defendant retained the $500 note.

The plaintiff claims that the defendant was allowed to retain it on his promise to pay the plaintiff one-half of the face of it in cash.    The defendant denies any such promise, and claims that he was the sole owner of the property and entitled to the profit on the sale.    After this transaction both parties collected bills due the firm, for which neither has accounted to the other.

The jury returned a verdict for the plaintiff for the amount claimed, and the defendant petitions for a new trial on the ground that the verdict is against the evidence.

It is unnecessary to discuss the evidence for and against the several controverted questions of fact which arose on the trial, for it is undisputed, as recited above, that, whatever agreement was made with respect to the division of the purchase money received from Ray, there was no complete accounting between the partners, and no balance struck upon which an action at common law could be based.    It appears that the debts of the firm were paid, but both parties testify that there were debts then due the firm which have been since collected and not accounted for.    These collections must affect the balance due between the partners, and an action in assumpsit is not the proper means of ascertaining the balance of mutual accounts between partners.    2 Bates on Partnership, §§ 849, 856, 859, 860 ; *Dowling* v. *Clarke*, 13 R. I. 134.

As this action cannot be maintained upon the undisputed facts, the case must be remanded to the Common Pleas Division with direction to enter judgment for the defendant.

*F. H. Bellin*, for plaintiff.

*J. L. Jenks*, for defendant.